Below is an opinion of the court.

_David W. Hercher_
_____
DAVID W. HERCHER
U.S. Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT

## THE DISTRICT OF OREGON

| | |
|---|---|
| In re | |
| **Consolidated Estate of Former W2W Entities**, | Case No. 19-32600-dwh7 |
| Debtor. | |
| **Saxum Stone, LLC**, | Adversary Proceeding No. 20-03085-dwh |
| Plaintiff, | |
| v. | MEMORANDUM DECISION DISMISSING AND DENYING DEFENDANT'S MOTION FOR ATTORNEY FEES AND COSTS[1] |
| **Lennar Multifamily Builders LLC**, fka LMC Construction LLC, | |
| Defendant. | |

---

[1] This disposition is specific to this motion. It may be cited for whatever persuasive value it may have.

Page 1 – MEMORANDUM DECISION DISMISSING AND DENYING etc.

# I.  Introduction

Defendant, Lennar Multifamily Builders LLC, has moved for an award of attorney fees and costs against plaintiff, Saxum Stone, LLC.[2]

Because this court lacked subject-matter jurisdiction over the parties' claims, it likewise lacks jurisdiction to award fees. The court has jurisdiction to award "just costs," but I find below that no cost award would be "just." I will dismiss the motion to the extent it seeks fees and deny it to the extent it seeks costs.

# II.  Procedural history

Saxum filed its initial complaint in August 2020. The next month, Lennar moved to dismiss it for lack of subject-matter jurisdiction,[3] and I denied that motion.[4]

In November 2022, Saxum moved for summary judgment, specifically requesting a declaration that this court "has jurisdiction over the claims and counterclaims made in this case."[5] At a January 2023 hearing on that motion, I asked the parties to brief and argue whether the court had subject-matter jurisdiction.[6] I heard argument on jurisdiction the next month.[7] I later

---

[2] ECF No. 117.
[3] ECF No. 6.
[4] ECF Nos. 16, 99.
[5] ECF No. 65 at 1:23.
[6] ECF No. 91.
[7] ECF No. 101.

Page 2 – MEMORANDUM DECISION DISMISSING AND DENYING etc.

dismissed this action for lack of subject-matter jurisdiction[8] and entered a dismissal judgment.[9]

Lennar timely moved for an award of attorney fees and costs.

## III.   Discussion

### A.   *A federal court that lacks subject-matter jurisdiction also lacks authority to award prevailing-party fees absent an independent grant of jurisdiction.*

Federal courts "possess only that power authorized by the Constitution and statute."[10]

The Ninth Circuit has held in several decisions that a federal court lacking subject-matter jurisdiction over an action also lacks authority to award prevailing-party attorney fees absent an independent grant of jurisdiction. The 1988 decision in *Latch v. United States*[11] arose from a district court action by taxpayers. After the parties settled, the district court dismissed the action but granted the plaintiffs' motion for attorney fees under 26 U.S.C. § 7430. The Ninth Circuit introduced its discussion of jurisdiction by noting that "[a]s a general rule, if a district court has wrongfully exercised subject matter jurisdiction over a dispute, the appellate court must vacate the district court's decision, including any award of attorney's fees." The court reversed the fee award, holding that (1) the district court lacked subject-matter jurisdiction, (2) 7430 does not contain an independent grant of

---

[8] ECF No. 111.
[9] ECF No. 115.
[10] Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).
[11] 842 F.2d 1031 (9th Cir. 1988).

subject-matter jurisdiction, and (3) "since the district court lacked jurisdiction to entertain the . . . claim, it had no authority to award attorney's fees."[12]

In the 1992 decision in *Smith v. Brady*,[13] the Ninth Circuit held that the district court had jurisdiction over an action, but it introduced its discussion of jurisdiction by quoting *Latch*: "if the district court lacked jurisdiction over the underlying suit, 'it had no authority to award attorney's fees.'"[14]

In the 1995 decision in *Branson v. Nott*,[15] the Ninth Circuit vacated the district court's grant of attorney fees to the defendants under 42 U.S.C. § 1988 because the absence of subject-matter jurisdiction over the claim "in the first instance" deprived the district court of "the power to award attorney's fees under the civil rights attorney fee statute."[16] The court cited *Smith*. As an alternative ground for denying fees, the court held that when "dismissal is mandated by a lack of subject-matter jurisdiction, a defendant the defendant is not a 'prevailing' party within the meaning of § 1988."[17]

In the March 2000 decision in *Carpenters Southern California Administrative Corporation v. Knight (In re Knight)*,[18] the court held that because the district court lacked subject-matter jurisdiction over an action under the Employee Retirement and Income Security Act of 1974, "[u]nder

---

[12] *Latch*, 842 F.2d at 1033.
[13] 972 F.2d 1095 (9th Cir. 1992).
[14] *Smith*, 972 F.2d at 1097, quoting *Latch*, 842 F.2d at 1033.
[15] 62 F.3d 287 (9th Cir. 1995).
[16] *Branson*, 62 F.3d at 292–93.
[17] *Branson*, 62 F.3d at 293.
[18] 207 F.3d 1115, 1117 (9th Cir. 2000).

the logic of *Branson*, . . . the court had no authority to apply the fee-shifting provision of ERISA."

The 2007 decision in *Skaff v. Meridien North America Beverly Hills, LLC*[19] arose from an action to enforce both federal and state civil rights statutes. The district court denied the plaintiff's fee motion in part because the court determined that the plaintiff lacked standing under Article III of the Constitution.[20] The Ninth Circuit reversed, holding that the plaintiff did have standing, and the district court should have considered whether to award fees to the plaintiff as prevailing party.[21] The court introduced its discussion of standing by stating that "[a] court that lacks jurisdiction at the outset of a case lacks the authority to award attorneys' fees."[22] The court cited *Latch*, *Smith*, *Branson*, and *Knight*.

In the 2021 decision in *Newtok Village v. Patrick*,[23] the Ninth Circuit held that the district court lacked federal-question jurisdiction and vacated the district court's fee award based on federal common law.[24] As authority for vacatur, the court cited decisions including *Smith* and *Branson*. The court also held that "the appropriate disposition of a motion for attorneys' fees

---

[19] 506 F.3d 832, 837 (9th Cir. 2007).
[20] *Skaff*, 506 F.3d at 836.
[21] *Skaff*, 506 F.3d at 846.
[22] *Skaff*, 506 F.3d at 837.
[23] 21 F.4th 608 (9th Cir. 2021).
[24] *Newtok*, 21 F.4th at 622.

Page 5 – MEMORANDUM DECISION DISMISSING AND DENYING etc.

when the court lacked jurisdiction from the outset of an action is not denial of the motion . . . but dismissal of the motion for lack of jurisdiction."[25]

Because *Branson* is cited most often in the line of case from *Latch* through *Newtok*, I will refer to those cases as the *Branson* line of cases.

I disagree with Lennar's attempts to distinguish *Newtok*;[26] whether there was federal-question jurisdiction was contested before the district court,[27] and the Ninth Circuit's holding that the district court lacked authority to award attorney fees did not turn on the defendants' role in tribal governance.

Because no federal statute that I have found (or the parties have cited) grants jurisdiction to award attorney fees under state law in this action in the absence subject-matter jurisdiction, the court lacks authority to grant Lennar's request for fees.

> **B.** **The Ninth Circuit's decision in** Kona Enterprises, Inc. v. Estate of Bishop **does not give a court authority to award fees, even under state law, absent subject-matter jurisdiction.**
>
> **1.** **Kona** *apparently conflicts with the* Branson *line of cases.*

In the Ninth Circuit's 2000 decision in *Kona Enterprises, Inc. v. Estate of Bishop*,[28] cited by Lennar,[29] the court stated that "a district court sitting in diversity may award attorneys' fees to the prevailing party under applicable

---

[25] *Skaff*, 506 F.3d at 837 n.2.
[26] ECF No. 125 at 8:1–10.
[27] *Newtok*, 21 F.4th at 611–12.
[28] 229 F.3d 877, 882, 888 (9th Cir. 2000).
[29] ECF No. 125 at 5:7–10.

Page 6 – MEMORANDUM DECISION DISMISSING AND DENYING etc.

state law, despite a dismissal of the action for lack of subject matter jurisdiction." That statement appears to conflict with *Branson*'s holding that a court lacking subject-matter jurisdiction over an action also lacks authority to consider an award of prevailing-party attorney fees absent an independent grant of jurisdiction.

## 2. A court must attempt to distinguish apparently conflicting precedent.

When Ninth Circuit precedent appears to be in conflict, a panel "must distinguish the two cases if at all possible,"[30] failing which it must call for en banc review[31] without first issuing a panel decision.[32] Two cases can be distinguished if apparently conflicting language is not binding. A Ninth Circuit panel is "not bound by dicta in decisions from our court."[33] A statement is dicta if "made in passing, without analysis"[34] or "unnecessary to the decision in the case,"[35] unless the statement constitutes the panel's resolution "after reasoned consideration" of "an issue germane to the eventual resolution of the case"[36] or it is one of "two or more grounds" on which a

---

[30] Hale v. State of Arizona, 967 F.2d 1356, 1365 (9th Cir. 1992) (citing Atonio v. Wards Cove Packing Co., 810 F.2d 1477, 1478–79 (9th Cir. 1987) (en banc)), 993 F.2d 1387 (9th Cir. 1993) (en banc).
[31] *Atonio*, 810 F.2d at 1478–79.
[32] *See, e.g.*, United States v. Washington, 593 F.3d 790, 798 n.9 (9th Cir. 2010) (en banc) (rehearing held en banc "without awaiting a three-judge decision.").
[33] United States v. Pinjuv, 218 F.3d 1125, 1129 (9th Cir. 2000).
[34] Thacker v. Federal Communications Commission (*In re* Magnacom Wireless, LLC), 503 F.3d 984, 993–94 (9th Cir. 2007).
[35] Cetacean Comty. v. Bush, 386 F.3d 1169, 1173 (9th Cir. 2004).
[36] *Cetacean Comty.*, 386 F.3d at 1173.

"decision rests."[37] And "[j]udicial assumptions concerning . . . issues that are not contested are not holdings."[38]

### 3. The *Kona* district court had subject-matter jurisdiction.

*Kona* arose from a putative derivative action the plaintiff brought on behalf of two companies under 28 U.S.C. § 1332, the court's diversity jurisdiction. Federal Rule of Civil Procedure 23.1(b) requires that a derivative-action complaint allege that the plaintiff was a company shareholder "at the time of the transaction complained of, or that the plaintiff's share or membership later devolved on it by operation of law." The district court dismissed the action because "under Rule 23.1, Kona does not have standing to assert derivative claims on behalf of the Companies." The court used the term "standing" as short-hand for a federal plaintiff's compliance with the Rule 23.1(b) pleading requirement.[39] It did not address standing as an element of Article III's requirement that federal judicial power extend only to cases or controversies.[40] The decision did not use the word jurisdiction or mention "Article III" or "case or controversy."

Unlike the district-court decision, the *Kona* Ninth Circuit decision characterized the dismissal as having been "for lack of subject matter

---

[37] United States v. Vidal-Mendoza, 705 F.3d 1012, 1016 n.5 (9th Cir. 2013).
[38] F.D.I.C. v. McSweeney, 976 F.2d 532, 535 (9th Cir. 1992), quoting United States v. Daniels, 902 F.2s 1238, 1241 (7th Cir. 1990).
[39] *Kona*, 51 F.Supp.2d at 1053.
[40] *See* U.S. Const., Art. III, § 2, cl. 1.

jurisdiction,"[41] adding that "a district court sitting in diversity may award attorneys' fees to the prevailing party under applicable state law despite a dismissal of the action for lack of subject matter jurisdiction."[42] The court did not explain why it thought that the subject-matter jurisdiction was lacking. As of the district-court decision leading to the appeal, the completeness of diversity was not in question. Like the district court decision, the court of appeals decision discussed none of the components of Article III standing or mention "Article III" or "case or controversy."

Since *Kona*, the Ninth Circuit has held that Rule 23.1 "does not directly implicate subject matter jurisdiction."[43] Similarly, the Second Circuit has held that the violation of the rule "does not, of course, raise a jurisdictional issue under Article III."[44] And the Supreme Court has "cautioned . . . against profligate use of the term [jurisdiction]" and "emphasized" that "[s]ubject-matter jurisdiction properly comprehended . . . refers to a tribunal's 'power to hear a case.'"[45] Rule 23.1 neither confers on a court the power to hear a case nor deprives it of that power. If the Ninth Circuit were to decide *Kona* today, I predict that it would not characterize a derivative-action plaintiff's failure

---

[41] *Kona*, 229 F.3d at 882, 887.
[42] *Kona*, 229 F.3d at 887.
[43] *In re* Digimarc Corp. Derivative Litig., 549 F.3d 1223, 1237 (9th Cir. 2008).
[44] *In re* Facebook, Inc., Initial Pub. Offering Derivative Litig., 797 F.3d 148, 156 (2d Cir. 2015).
[45] Union Pac. R. Co. v. Bhd. of Locomotive Engineers & Trainmen Gen. Comm. of Adjustment, Cent. Region, 558 U.S. 67, 81 (2009).

Page 9 – MEMORANDUM DECISION DISMISSING AND DENYING etc.

to satisfy the Rule 23.1 ownership requirement as depriving the court of
jurisdiction.

> **4.** **The Ninth Circuit's statement in *Kona* that the district court had authority to award fees despite the lack of subject-matter jurisdiction is dictum.**

*Kona*'s statement that in a diversity action fees may be awarded under
state law despite lack of subject-matter jurisdiction satisfies all of the Ninth
Circuit's requirements to be treated as dictum. The statement was made in
passing without analyzing any reason why jurisdiction was lacking. It was
unnecessary to the decision to award fees; the absence of jurisdiction can
never be necessary to a court's exercise of authority. It was made without
reasoned consideration, and the supposed absence of jurisdiction was not
germane to affirmation of the district court's fee award. It was not one of two
or more grounds on which the decision rested. And the statement was an
assumption because the parties contested whether the plaintiff had complied
with Rule 23.1 but not the existence of jurisdiction.

Because *Kona*'s statement about lack of jurisdiction is dictum, it is not
part of the holding, and the decision does not contradict the holding of
*Branson* that a court lacking jurisdiction over an action likewise lacks
authority to award fees. No precedential Ninth Circuit decision has cited
*Kona* for the proposition that fees may be awarded absent jurisdiction.

### 5. If the statement in *Kona* is not dictum, this court should follow *Branson*, rather than *Kona*.

If *Kona*'s statement about lack of jurisdiction is not dictum, *Kona* is irreconcilable with the *Branson* line of cases, beginning with *Latch*, which preceded *Kona*. Although a Ninth Circuit panel facing irreconcilable precedent may not default to the earlier decision and instead must call for initial en banc review, a trial court does not have that option and must select a rule of law for a decision. Seven other circuit courts of appeals have held that, when a court faces irreconcilable precedent, the earlier decision controls.[46] That rule aligns with the Ninth Circuit's prohibition on a three-judge panel overruling a decision of a prior panel.[47]

Under *Branson*, no statute gives this court authority to award attorney fees absent jurisdiction over this action, so the fee request must be dismissed.

---

[46] Ryan v. Johnson, 115 F.3d 193, 198 (3d Cir. 1997); McMellon v. United States, 387 F.3d 329, 332 (4th Cir. 2004) (en banc); Sw. Bell Tel. Co. v. City of El Paso, 243 F.3d 936, 940 (5th Cir. 2001); Kovacevich v. Kent State Univ., 224 F.3d 806, 822 (6th Cir. 2000); Hiller v. Oklahoma ex rel. Used Motor Vehicle & Parts Comm'n, 327 F.3d 1247, 1251 (10th Cir. 2003); Morrison v. Amway Corp., 323 F.3d 920, 929 (11th Cir. 2003); Newell Companies, Inc. v. Kenney Mfg. Co., 864 F.2d 757, 765 (Fed. Cir. 1988).

[47] U.S. Internal Rev. Serv. v. Osborne (*In re* Osborne), 76 F.3d 306, 309 (9th Cir. 1996).

### C. Other decisions on which Lennar relies do not authorize this court to award fees in the absence of subject-matter jurisdiction.

#### 1. The Supreme Court's decision in *CRST Van Expedited, Inc. v. Equal Employment Opportunity Commission*

Lennar quotes from the Supreme Court's 2016 decision in *CRST Van Expedited, Inc. v. Equal Employment Opportunity Commission*:[48] "a favorable ruling on the merits is not a necessary predicate to find that a defendant has prevailed."[49]

*CRST* arose from an action under title VII of the Civil Rights Act of 1964,[50] which permits an award of attorney fees to the prevailing party.[51] The district court dismissed the action because the plaintiff failed to satisfy presuit requirements.[52] The district court granted in part the defendant's request for prevailing-party attorney fees, but the court of appeals reversed the award, holding that for a party to have prevailed, "there must have been a favorable judicial determination . . . on the merits,"[53] and disposition of the claims for failure to satisfy the presuit requirements "was not a ruling on the merits."[54]

---

[48] 578 U.S. 419, 421 (2016).
[49] ECF No. 117 at 4:9–13.
[50] 42 U.S.C. § 2000e et seq.
[51] 42 U.S.C. § 2000e-5(k)
[52] *CRST*, 578 U.S. at 426–27.
[53] *CRST*, 578 U.S. at 429 (cleaned up).
[54] *CRST*, 578 U.S. at 431.

The Supreme Court reversed, holding that the fee-shifting statute "does not distinguish between merits-based and non-merits-based judgments."[55] The Court acknowledged and did not dispute the court of appeals' statement that the unperformed presuit obligation "is not a jurisdictional prerequisite."[56] And the decision does not address whether a court without subject-matter jurisdiction can nonetheless award prevailing-party attorney fees, at least absent an independent jurisdictional grant.

### 2. The Ninth Circuit's decision in *Avery v. First Resolution Management Corp.*

The Ninth Circuit's 2009 decision in *Avery v. First Resolution Management Corp.*,[57] which Lennar cites,[58] arose from an action in which the district court declined to exercise supplemental jurisdiction over a defendant's state-law counterclaim and denied the plaintiff's request for attorney fees under state law.

The court of appeals affirmed the fee denial because the plaintiff did not establish state-law entitlement to attorney fees.[59] The court began its discussion of fee entitlement by a statement quoted by Lennar: "[i]n an action where a federal district court exercises subject matter jurisdiction over a state law claim, so long as state law does not contradict a valid federal

---

[55] *CRST*, 578 U.S. at 432.
[56] *CRST*, 578 U.S. at 429.
[57] 568 F.3d 1018, 1023 (9th Cir. 2009).
[58] ECF No. 125 at 2:5–11.
[59] *Avery*, 568 F.3d at 1024.

Page 13 – MEMORANDUM DECISION DISMISSING AND DENYING etc.

statute, 'state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed.'"[60] But, as the court then noted, "the district court explicitly declined to exercise subject matter jurisdiction over the state law claim, so it is unclear whether [state] or federal law control's [the plaintiff's] entitlement to attorney's fees on the state law counterclaim."[61]

Here, as in *Avery*, the court did not have, and thus could not have exercised, subject-matter jurisdiction, so the holding Lennar quotes does not apply to this action. In any case, the *Avery* quotation addresses whether state or federal law governs a party's entitlement to fees; it does not address the court's authority to award fees when it does not exercise subject-matter jurisdiction.

### 3. The Ninth Circuit's memorandum disposition in *Garmong v. County of Lyon*

Lennar quotes from the Ninth Circuit's 2020 memorandum disposition in *Garmong v. County of Lyon*:[62] "the district court had jurisdiction to award attorney's fees under [1988], even though it dismissed [the plaintiff's] case for lack of subject-matter jurisdiction." *Garmong* arose from an action asserting claims under both 42 U.S.C. § 1983 and state law. The district court

---

[60] *Avery*, 568 F.3d at 1023, quoting MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co., 197 F.3d 1276, 1281 (9th Cir. 1999), quoting Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 259 n.31 (1975); ECF No. 125 at 2:7–11.
[61] *Avery*, 568 F.3d at 1023.
[62] 807 Fed. Appx. 636 (2020); ECF No. 125 at 4:20–22.

dismissed the complaint because the plaintiff lacked Article III standing, and the court granted the defendants' motion for attorney fees. The Ninth Circuit affirmed both dismissal and the fee award, holding that "the district court had jurisdiction to award attorney's fees under" 1988, "even though it dismissed [the plaintiff's] case for lack of subject-matter jurisdiction."[63] In support of that holding, the court cited *CRST* and the Ninth Circuit's 2007 decision in *Alaska Right to Life Political Action Committee v. Feldman*[64] and its 2017 decision in *Amphastar Pharmaceuticals, Inc. v. Aventis Pharma SA*.[65]

I explain in part III.C.1 above that *CRST* is not authority that a court can award attorney fees despite lacking jurisdiction.

*Alaska Right to Life* arose from a federal-question action for which the district court did have jurisdiction.[66] The district court resolved the action on the merits and then awarded attorney fees to a defendant. The Ninth Circuit held that the district court "should have declined to exercise jurisdiction on prudential ripeness grounds,"[67] so the court of appeals remanded and instructed the district court to dismiss. The court began its discussion of the fee award (which it affirmed) by saying "we note that a court may award

---

[63] *Garmong*, 807 Fed. Appx. at 639.
[64] 504 F.3d 840 (9th Cir. 2007); ECF No. 125 at 4:23–25.
[65] 856 F.3d 696, 709 (9th Cir. 2017).
[66] *Alaska Right to Life*, 504 F.3d at 848.
[67] *Alaska Right to Life*, 504 F.3d at 849.

attorneys' fees and costs even after dismissing for lack of jurisdiction."[68]

Because prudential ripeness is not a jurisdictional requirement,[69] the court of appeals' statement that fees may be awarded even after dismissal for lack of jurisdiction is dictum. It was made in passing without analyzing any reason why subject-matter jurisdiction was lacking (and after earlier confirming that "[t]he district court had original jurisdiction under 28 U.S.C. § 1331"[70]). It was unnecessary to deciding prudential unripeness. It was made without reasoned consideration, and the absence of jurisdiction was not germane to dismissal for prudential unripeness. It was not one of two or more grounds on which prudential unripenesss rested. And the statement was an assumption because the parties contested not the existence of jurisdiction but whether the action should be dismissed as prudentially unripe.

In *Amphastar*, which arose from an action under the False Claims Act, 31 U.S.C. § 3730(b), the court held that 3730(d)(4) contains an independent grant of subject-matter jurisdiction to consider a fee award.[71] The decision thus aligns with *Branson*'s holding that a court lacking subject-matter jurisdiction lacks authority to award fees absent an independent grant of jurisdiction to do so. *Amphastar* described "*Branson* and its progeny" as having set out a two-part test for analyzing fees can be awarded after an

---

[68] *Alaska Right to Life*, 504 F.3d at 852.
[69] Horne v. Department of Agriculture, 569 U.S. 513, 526 (2013).
[70] *Alaska Right to Life*, 504 F.3d at 848.
[71] *Amphastar*, 856 F.3d at 711.

Page 16 – MEMORANDUM DECISION DISMISSING AND DENYING etc.

action is dismissed for lack of subject matter jurisdiction: "(1) Does the fee-shifting provision contain an independent grant of subject matter jurisdiction? (2) If so, did the winning party 'prevail?'"[72] The court held that *CRST* "has effectively overruled Branson's holding that when a defendant wins because the action is dismissed for lack of subject matter jurisdiction he is never the prevailing party."[73] The overruling of *Branson* by *CRST* recognized by *Amphastar* was just of *Branson*'s holding about whether the dismissed party had prevailed; it was not of the holding that a court without subject matter jurisdiction lacks authority to award fees absent an independent grant of jurisdiction.

Thus, none of *CRST*, *Alaska Right to Life*, or *Amphastar* supports *Garmong*'s affirmance of a fee award despite the absence of subject-matter jurisdiction. In any case, *Garmong* is a nonprecedential, unpublished, memorandum disposition.[74] The Ninth Circuit has noted that memorandum dispositions are "[d]esignedly lacking, because of their limited function, the nuance and breadth of precedential opinions," so they "are not only officially nonprecedential but also of little use to district courts or litigants in predicting how [the Ninth Circuit]—which, again, is in no way bound by such dispositions—will view any novel legal issues in the case on appeal." Thus, while "memorandum dispositions can be cited, and may prove useful, as

---

[72] *Amphastar*, 856 F.3d at 709.
[73] *Amphastar*, 856 F.3d at 710.
[74] Ninth Cir. R. 36-3(a).

examples of the applications of settled legal principles when a district court or litigant is interested in demonstrating how a given principle operates in practice, a nonprecedential disposition is not appropriately used . . . as the pivotal basis for a legal ruling by a district court."[75]

### 4. District-court decisions and other arguments do not change my conclusion.

In the January 2022 decision of a Central District of California district judge in *Garcia v. Alcocer*,[76] which Lennar cites,[77] the court dismissed a federal-question action under for lack of Article III standing, and the defendants moved for attorney fees. In granting the motion, the district court relied on *Amphastar*, which as noted above tracks with *Branson*.

In the April 2022 decision of an Arizona district judge in *Randolph v. Pravati SPV II LLC*,[78] which Lennar cites,[79] addressed a fee motion in an action that had been dismissed in favor of arbitration. As described by the court, the dismissal motion was for "lack of subject matter jurisdiction," but the decision does not say why jurisdiction was lacking, other than that agreements had delegated the question of arbitrability to the arbitrator. The decision granted the fee motion without discussing the court's authority to do so absent subject-matter jurisdiction over the action.

---

[75] Grimm v. City of Portland, 971 F.3d 1060, 1067 (9th Cir. 2020).
[76] No. 2:20-cv-08419-VAP-JEMx, 2022 WL 495051 (C.D. Cal. Jan. 19, 2022).
[77] ECF No. 125 at 4:9–25.
[78] No. CV-21-00713-PHX-SRB, 2022 WL 1480029 (D. Ariz. Apr. 6, 2022).
[79] ECF No. 117 at 5:2–4.

I disagree with Lennar that Federal Rule of Bankruptcy Procedure 7054 is a source of jurisdiction[80] or that an award in Lennar's favor is supported by a bankruptcy court's ancillary jurisdiction to interpret and effectuate its orders[81] and to award attorney fees for services[82] after dismissal of a main bankruptcy case or the court's authority to award attorney fees in a civil action after commencement of an appeal.[83]

### D. It would not be "just" to impose costs on Saxum.

When a proceeding is dismissed in any bankruptcy court "for want of jurisdiction," 28 U.S.C. § 1930(d) permits the court to "order the payment of just costs." A parallel statute applicable in district court, 28 U.S.C. § 1919, "provide[s] an independent basis for awarding costs or fees even if the court lacks jurisdiction over the merits of the underlying action."[84] Lennar requests costs of $1,834.06, consisting of deposition fees and transcripts of $973.80, "legal messenger" of $375, lodging of $183, meals of $16.63, and "mileage/parking" of $285.63.

The Ninth Circuit's 2012 decision in *Otay Land Co. v. United Enterprises Ltd.*[85] prescribes how a trial court should determine whether and in what

---

[80] ECF No. 125 at 5:17–24.
[81] ECF No. 125 at 5:24 – 6:1.
[82] ECF No. 125 at 6:1–4.
[83] ECF No. 125 at 6:4–9.
[84] Fernandez v. 23676-23726 Malibu Road, LLC, 74 F.4th 1061, 1064 (9th Cir. 2023), citing *Branson*, 62 F.3d at 293 n.10.
[85] Otay Land Co. v. United Enterprises Ltd., 672 F.3d 1152, 1157 (9th Cir. 2012).

Page 19 – MEMORANDUM DECISION DISMISSING AND DENYING etc.

amount to award 1919 costs. Application of the statute "involves a two step analysis—whether an award of costs is "just" and equitable and, if so, the appropriate amount of costs." The 1919 scheme "stands in stark contrast to costs under Rule 54(d), which turns on a prevailing party standard." It "carries no . . . presumption . . . that costs were just because they were incurred."[86] In deciding whether imposition of costs would be just, factors a court should consider include (1) the role played by exigent circumstances, such as hardship, prejudice, or culpable behavior by the parties, (2) the strength of the plaintiff's jurisdictional claim,[87] (3) the significance of pending parallel litigation in state court, and (4) other equitable considerations. Under "[t]he plain language of § 1919 . . . the proper standard for 'just' costs is what is most fair and equitable under the circumstances."[88]

I find no exigent circumstances warranting Saxum's invocation of this court's jurisdiction. On the other hand, Saxum's jurisdictional argument, although ultimately unsuccessful, did persuade me to deny Lennar's motion, so the strength of that argument weighs in Saxum's favor. The costs Lennar has incurred would not need to be incurred again in state-court litigation of this action. Although the record does not confirm that Saxum has re-initiated this action in state court, the dismissal without prejudice permits it to do so, and Saxum has referred to the claims and counterclaims of this action as "to

---

[86] Otay, 672 F.3d at 1157.
[87] *Otay*, 672 F.3d at 1158.
[88] *Otay*, 672 F.3d at 1159.

be determined in state court."[89] My denial of Lennar's motion to dismiss for lack of jurisdiction, which I essentially reversed by later dismissing on my own motion, is an equitable circumstance weighing in Saxum's favor; had I granted that motion, much or all of Lennar's costs could have been avoided.

Weighing all the factors, I find that it would not be fair and equitable to impose costs on Saxum.

Were it "just" to impose costs, those for which Lennar seeks reimbursement include several that are not apparently appropriate in an action of this type and for which Lennar has provided no explanation. Lennar seeks reimbursement of legal messenger fees without any explanation why it was necessary to deliver something by messenger. And it seeks reimbursement of three other categories of costs usually associated with required travel (lodging, meals, and mileage/parking) without any explanation why travel was required or why those expenses were otherwise necessary.

## IV.   Conclusion

I will prepare an order that dismisses the motion for lack of jurisdiction to the extent it requests an attorney-fee award and otherwise denies it.

###

---

[89] ECF No. 120 at 9:12–13.